UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61017-CIV-ALTONAGA

FEDERAL TRADE COMMISSION,

     Plaintiff,

v.

POINTBREAK MEDIA, LLC, *et al.*,

     Defendants.

_____/

## RECEIVER JONATHAN E. PERLMAN'S MOTION TO COMPEL TURNOVER AND FOR AN ORDER TO SHOW CAUSE

Jonathan E. Perlman, ("Perlman") "Temporary Receiver" for the Corporate Defendants[1] (the "Receiver"), pursuant to the Court's Temporary Restraining Order ("TRO") [ECF No. 12], submits this Motion to Compel Turnover and for an Order to Show Cause (the "Motion") against Defendants Dustin Pillonato ("Pillonato") and Justin Ramsey ("Ramsey") (collectively "Defendants") to compel the turnover of (i) laptop computers and cellphones likely containing business records of the Corporate Defendants; (ii) passwords and/or access codes of desktop computers and cellphones found at Corporate Defendants' business location; (iii) three Louis Vuitton backpacks; and (iv) the identity and contact information for an unidentified person seen with the Defendants fleeing Ramsey's home "like a bat out of hell" with certain property and information moments after Defendants were served with the Federal Trade Commission's (the "FTC") Complaint and this Court's TRO. Alternatively, the Receiver requests this Court to enter

---

[1] The Court's Temporary Restraining Order defines the "Corporate Defendants" as PointBreak Media, LLC; DCP Marketing; Modern Spotlight LLC; Modern Spotlight Group LLC; Modern Internet Marketing LLC; Modern Source Media; Perfect Image Online LLC; and each of their subsidiaries, affiliates, successors, and assigns [*See* ECF No. 12 at 4].

an order to show cause why Defendants should not be held in contempt of Court for their willful disregard of this Court's clear directives in the TRO.

Consistent with the Receiver's obligations under the TRO, the Receiver has requested Defendants to turn over certain electronic devices and information but they have refused. It appears based upon Defendants' conduct in fleeing with the laptop computers that they contain business records and data belonging to the Receivership Defendants, which the Court has ordered the Receiver to obtain, secure, and preserve. The Receiver has conferred with the FTC, who has no objection to the relief sought herein.

## I.   INTRODUCTION AND FACTUAL BACKGROUND

The FTC brought this action against Defendants alleging that they engaged in a scheme defrauding consumers by offering phony Google My Business certification and verification services and search engine optimization services in violation of Section 5(a) of the FTC Act, 15 U.S.C. §45(a) [ECF No. 1]. The Court, in its May 8, 2018 Temporary Restraining Order, found that Plaintiff is likely to prevail on the merits and that immediate and irreparable harm would likely result unless Defendants were restrained and a receiver appointed. [ECF No. 12 at pp. 2-3]. The Court appointed Mr. Perlman as "Temporary Receiver" over the seven named Receivership Defendants. The Receiver shall be the agent of this Court, and "solely the agent of this Court in acting as Receiver under this Order." *Id.* at p. 14.

The TRO requires Defendants, upon notice of the TRO, to "immediately transfer or deliver to the Receiver" "[a]ll computers, electronic devices, mobile devices and machines used to conduct the business of the Receivership Entities" and "[a]ll keys, codes, user names and passwords necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication,

accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property." *Id.* at pp. 18-19. The Court further ordered the Receiver to "[t]ake exclusive custody, control, and possession of all Assets… of, or…under the control of, any Receivership Entity." *Id.* at 14. The TRO further directs Defendants to provide the Receiver with "[a] list of all agents, employees, officers, attorneys, servants and those persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities." *Id.* at 19-20. The Court also gives the Receiver authority to file a "motion seeking compliance or a contempt citation" "in the event that any person or entity fails to deliver or transfer any Asset or Document." *Id.* at p. 19.

Defendants' willful violation of the TRO began almost immediately after Defendants received notice of its existence. Within minutes after being served with the TRO, Defendants Pillonato and Ramsey violated this Court's order by fleeing Ramsey's home with laptop computers and three Louis Vuitton backpacks purchased by Defendant DCP Marketing, LLC. *See* Affidavit of Process Server, attached hereto as Exhibit "A." Immediately thereafter, the Receiver made demand for the turnover of the laptops to evaluate whether they contained information or property relating to the Corporate Defendants.

On May 11, 2018, Defendants' attorney Mitchell Roth delivered correspondence to the Receiver, admitting that the laptop computer bags seen by the process server did contain laptops. However, he refused to turn over the laptops to the Receiver because they were purportedly purchased by the Defendants individually. In the same letter, Roth conceded that the laptops "*may* potentially have incriminating evidence." *See* Mitchell Roth Letter dated May 11, 2018, attached hereto as Exhibit "B."

On May 18, 2018, the Receiver again requested Defendants to turn over their laptops and cellphones, passwords to access desktop computers and cellphones found at the Corporate Defendants' Deerfield Beach Office, and the identity and contact information of the unidentified man seen at Ramsey's home minutes after Defendants were served with the FTC's Complaint and TRO. *See* Receiver's Counsel's Letter dated May 18, 2018, attached hereto as Exhibit "C." In this correspondence, Receiver's counsel expressed his concern that Defendants' laptop computers, cellphones and desktop computers contain information and records relating to the Receivership Defendants' operations. *Id.*

On May 22, 2018, Defendants' counsel Mitchell Roth responded by email to the Receiver's turnover demand and refused to provide the requested devices and information on the grounds that the laptop computers are purportedly Defendants' personal property in addition to Defendants' alleged invocation of their Fifth Amendment privilege against self-incrimination. *See* Email Chain Between Counsel from May 21, 2018 to May 23, 2018, attached hereto as Exhibit "D." At no time have the Defendants indicated that the laptops, cellphones, and desktop computers do not contain information relating to the Corporate Defendants.

## II.  LEGAL ARGUMENT AND SUPPORTING FACTS

### A.  This Court Has the Authority to Order Turnover of the Laptop Computers to the Receiver.

Summary proceedings are appropriate and proper to protect equity receivership assets. *United States v. Arizona Fuels Corp.*, 739 F. 2d 455 (9th Cir. 1984) (citing *Bien v. Robinson*, 208 U.S. 423, 428, 28 S.Ct. 379, 381 (1908)); 2 Clark on Receivers §584 at 954 (3d ed. 1059). Pursuant to the exercise of its broad equitable powers to protect the assets of the receivership estate, this Court may order parties to turn over receivership assets to the Receiver. Courts have consistently affirmed the use of summary proceedings in receivership cases brought by the

Federal Trade Commission to determine the possession and ownership rights to property.

In *SEC v. Elliott*, 953 F.2d 1560 (11th Cir. 1992), the Eleventh Circuit approved this expedited format, observing that summary proceedings improve judicial efficiency, avoid formalities that would slow down the time necessary to settle disputes, decrease litigation costs and prevent further dissipation of receivership assets. *Id.* at 1566. Accordingly, this Court has the authority to grant the Receiver the requested relief.

## B.    Defendants Violated the Temporary Restraining Order.

On May 9, 2018, the Receiver and his professionals, accompanied by representatives of the FTC, pursuant to the Court's TRO, entered and took possession of the Defendants' offices, located at 550 Fairway Drive, Suite 104, Deerfield Beach, Florida 33441 (the "Deerfield Beach Office") and at 4730 NW 2nd Avenue, #200, Boca Raton, Florida 33431 (the "Boca Raton Office"). The FTC retained Ivan Lopez ("Lopez"), a process server employed by Lightening Legal Couriers, Inc., to serve Defendants Pillonato and Ramsey with the FTC's Complaint and the Court's TRO.

On May 9, 2018 at approximately 10:30 a.m., Lopez served Defendants Pillonato and Ramsey at Ramsey's home at 19149 Skyridge Circle, Boca Raton, Florida. Minutes after they were served, Pillonato, Ramsey and a third unidentified man ran out of the house and fled in a red Range Rover. *See* Ex. A. Lopez observed that the unidentified man was carrying two unzipped laptop computer bags on his right shoulder with a visible laptop inside each bag and three Louis Vuitton backpacks (that are property of the Receivership estate) on his right forearm. Lopez later reported to the Receiver that Ramsey drove off the property "like a bat out of hell." *Id.*

On May 11, 2018, Defendants' attorney Mitchell Roth wrote to the Receiver admitting that the laptop computer bags seen by Lopez did in fact contain laptops. However, his clients refused to turn over the laptops to the Receiver because they were purportedly purchased by the Defendants individually,[2] but at the same time conceded that the laptops "*may* potentially have incriminating evidence." *See* Ex. B.  Notably, Mr. Roth did not deny that the laptops contained information relating to the Corporate Defendants.

Defendants are clearly required to turn over these laptop computers pursuant to Section XIII(C), "Transfer of Receivership Property to Receiver," of the TRO.  The Receiver has grave concerns that the laptop computers have critical information about the operations of the Receivership Entities. The Defendants' refusal to turn over the laptops is in clear violation of the TRO.

Moreover, Defendants' refusal to provide the passwords and/or access codes for desktop computers and cellphones found at the Deerfield Beach Office is also a violation of Sections XIII(E), "Transfer of Receivership Property to Receiver," and Section XV, "Cooperation with the Receiver," of the TRO.

Additionally, Defendants are required to turn over the three Louis Vuitton backpacks pursuant to Section XII(B), "Duties and Authority of Receiver," of the TRO. The three Louis Vuitton backpacks were purchased using Receivership Defendant monies received from consumers. The FTC used as their forensic accounting expert Roshni Agarwal ("Agarwal"), to conduct a forensic accounting investigation, including bank reconstruction and tracing funds for the Receivership Defendants. *See* Declaration of Roshni C. Agarwal [ECF No. 1, Compl. Ex. 29]. Agarwal traced the funds used to purchase the three Louis Vuitton backpacks as coming

---

[2] The Receiver was merely seeking to image the laptops to preserve the data on them as required by the TRO.

from the Receivership Defendant, DCP Marketing, LLC. *Id.* at ¶40. Ultimately, Agarwal determined that $15,137.03 in consumer funds from DCP Marketing were used to purchase items of Louis Vuitton. *Id.* This Court has repeatedly held that properties constituted receivership property that must be turned over to the Receiver where they were obtained with funds from a receivership entity. *See FTC v. Marcus*, No. 17-60907-CIV-MORENO (S.D. Fla. Jan. 8, 2018) (Docket No. 197) (ordering turnover to Receiver of Defendant's BMW purchased with consumer funds held by a receivership defendant); *FTC v. Marcus*, No. 17-60907-CIV-MORENO (S.D. Fla. Jan. 29, 2018) (Docket No. 212) (granting motion to turn over Defendant's real property purchased with receivership defendant monies); *SEC v. Creative Capital Consortium*, No. 08-81565-CV, 2013 WL 1216773 (S.D. Fla. Jan. 23, 2013); *SEC v. Aquacell Batteries, Inc.*, No. 6:07-cv-608, 2008 WL 4371329 (M.D. Fla. May 9, 2008). Here too, the three Louis Vuitton backpacks were purchased with funds from Receivership Defendant, DCP Marketing, LLC. Accordingly, Defendants should be ordered to turn over the Louis Vuitton backpacks.

Further, Defendants' failure to provide the identity and contact information for the third unidentified person seen with the Defendants on the day the action and TRO were served violates Section XIV(B), "Provision of Information to Receiver," of the TRO.   It is undisputed that Ramsey and Pillonato have violated the TRO.

## C.    Alternatively, this Court Has the Authority to Grant an Order to Show Cause.

In the alternative, the Receiver seeks an order to show cause why Defendants should not be held in contempt for violations of the TRO. This Court's TRO specifically empowers the Receiver to seek such relief under these circumstances. [ECF No. 12 at p. 19].

The Eleventh Circuit has described the procedure for seeking an order to show cause in the following way:

> Precedent dictates that [the movant] seeking to obtain the
> defendant's compliance with the provisions of an injunctive order
> move the court to issue an order requiring the defendant to show
> cause why he should not be held in contempt and sanctioned for
> his noncompliance. In his motion, the [movant] cites the
> provision(s) of the injunction he wishes to be enforced, alleges that
> the defendant has not complied with such provision(s), and asks
> the court, on the basis of his representation, to order the defendant
> to show cause why he should not be adjudged in contempt and
> sanctioned. If the court is satisfied that the [movant] had made out
> a case for an order to show cause, it issues the order to show cause.

*Wyatt By & Through Rawlins v. Rogers*, 92 F. 3d 1074, 1078 n.8 (11th Cir. 1996) (internal

citations omitted).

   A civil-contempt order requires the movant to show, by clear and convincing evidence, that

'"the allegedly violated order was valid and lawful; ... the order was clear and unambiguous; and

the ... alleged violator had the ability to comply with the order."' *FTC v. Leshin*, 618 F. 3d 1221,

1232 (11th Cir. 2010) (citation omitted); *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir.

2000). The evidence must also establish clearly and convincingly that the order was violated.

*FTC v. Garden of Life. Inc.*, 845 F. Supp. 2d 1328, 1331 (S.D. Fla. 2012); *FTC v. Slimamerica*,

No. 97-CIV-06072, 2011 WL 882109, at *3 (S.D. Fla. Mar. 9, 2011); *SEC v. Solow*, 682 F.

Supp. 2d 1312, 1325 (S.D. Fla. 2010); *Ameriprise Fin. Servs., Inc. v. Lawton*, No. 2:11-cv-573-

FtM-29SPC, 2011 WL 6412424, at *1 (M.D. Fla. Dec. 21, 2011). "The absence of willfulness is

not a defense to a charge of civil contempt … [S]ubstantial, diligent, or good faith efforts are not

enough; the only issue is compliance … [I]n civil contempt proceedings the question is not one

of intent but whether the alleged contemnors have complied with the court's order."' *Leshin*, 618

F. 3d at 1232-33 (citations omitted).  Here, the record establishes clearly and convincingly that

Ramsey and Pillonato have and continue to violate multiple provisions of the TRO.

### 1. *The Temporary Restraining Order Was Valid.*

The TRO entered by the Court fully satisfies the requirements of Fed. R. Civ. P. 65. In the TRO, the Court found that there was good cause to believe that Defendants engaged in, and are likely to engage in, acts or practices that violate the FTC Act [ECF No. 12 at p. 2]. The Court further found that Plaintiff was likely to prevail on the merits of its complaint, and that the entry of the TRO was in the public interest. [*Id.* at p. 3]. Thus, the TRO is factually supported, lawful and valid.

### 2. *Defendants Violated Clear and Unambiguous Provisions of the Temporary Restraining Order.*

Fed. R. Civ. P. 65(d) requires restraining orders to describe the enjoined conduct in reasonable detail without merely referencing the complaint or other documents. The relevant portion of the TRO is clear, definite, and unambiguous in compliance with Rule 65(d). Defendants had actual notice of the TRO and were thus able to comply with the TRO but voluntarily chose to violate the Order by failing to provide the Receiver with (i) laptop computers and cellphones in violation of Section XIII(C) of the TRO; (ii) passwords of desktop computers and cellphones found at the Corporate Defendants' business location in violation of Sections XIII(E) and XV of the TRO; (iii) three Louis Vuitton backpacks in violation of Section XII(B) of the TRO; and/or (iv) the identity and contact information for the third unidentified person seen with the Defendants on the day the action was served in violation of Section XIV(B) of the TRO.

Defendants also violated the TRO by failing to cooperate with the Receiver. Section XV of the TRO, "Cooperation with the Receiver," requires that Defendants:

> fully cooperate with and assist the Receiver. This cooperation and
> assistance shall include, but is not limited to, providing
> information to the Receiver that the Receiver deems necessary to

> exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names and passwords required to access any computers, electronic devices, mobile devices, and machines (onsite or remotely) and any cloud account (including specific method to access account) or electronic file in any medium.

[ECF No. 12 at p. 20]. As indicated above, when the Receiver's counsel asked Defendants' attorney Mitchell Roth for laptop computers and cellphones likely containing Receivership Defendants information, passwords and/or access codes to access Receivership Defendants' desktop computers and cellphones, and the identity and contact information for the third unidentified man seen with Defendants after they were served with the FTC's Complaint and TRO, Defendants, through their counsel, refused to provide any of the requested devices and information, claiming that they are Defendants' personal property but maintaining that the laptops "*may* potentially have incriminating evidence." *See* Ex. B.

WHEREFORE, the Receiver respectfully requests this Court to enter an Order compelling Defendants Dustin Pillonato and Justin Ramsey to turn over (i) their laptop computers and cellphones for imaging; (ii) any and all passwords and/or access codes for desktop computers and cellphones utilized in conducting business by the Corporate Defendants; (iii) three Louis Vuitton backpacks; and (iv) the identity and contact information for the third unidentified person seen with them leaving Ramsey's home after Defendants were served with the FTC's Complaint and this Court's TRO. Alternatively, the Receiver requests this Court to enter an Order to show cause why Defendants should not be held in contempt of Court for violating the TRO, together with such other and further relief as this Court deems just and proper.

Respectfully submitted this 4th day of June 2018.

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Attorneys for Jonathan E. Perlman, Court-Appointed Temporary Receiver*

CASE NO. 18-61017-CIV-ALTONAGA

100 Southeast 2nd Street, Suite 4400
Miami, Florida 33131
Telephone:    (305) 349-2300
Facsimile:    (305) 349-2310

By: /s/ Michael Bild
    Gregory M. Garno, Esq., FBN 87505
    ggarno@gjb-law.com
    Michael Bild, Esq., FBN 1003841
    mbild@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Motion was served via CM/ECF

Notification and/or U.S. Mail to all parties on the attached service list on this 4th day of   June

2018.

By: /s/ Michael Bild
    Michael Bild, Esq.

CASE NO. 18-61017-CIV-ALTONAGA

**SERVICE LIST**
**Federal Trade Commission v. PointBreak Media, LLC, et al.**
**USDC, SD Fla., Case No. 18-61017-CIV-ALTONAGA**

Evan M. Mendelson
emendelson@ftc.gov
Christopher J. Erickson
cerickson@ftc.gov
Brian M. Welke
bwelke@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue NW
Mailstop CC-9528
Washington, DC 20580
Telephone: (202) 326-3320
Facsimile: (202) 326-3197
*Attorneys for Plaintiff Federal Trade Commission*

Mitchell N. Roth
mroth@rothjackson.com
Roth Jackson Gibbons Condlin, PLC
Tysons Corner Office
8200 Greensboro Drive, Suite 820
McLean, Virginia 22102
*Attorneys for Defendants Dustin Pillonato and Justin Ramsey*

Andrew N. Cove
anc@covelaw.com
Cove Law
225 South 21st Avenue
Hollywood, Florida 33020
Telephone: (954) 921-1121
Facsimile: (954) 921-1621
*Attorneys for Defendants Dustin Pillonato and Justin Ramsey*

Aaron M. Cohen
amc@aaronmcohenpa.com
Aaron M. Cohen, PA
Grand Bahamas Professional Park
955 NW 17th Ave. Bldg. D
Delray Beach, Florida 33445
Telephone: (561) 665-8020
Facsimile: (561) 665-8021
*Counsel for Defendants Steffan Molina and Perfect Image Online LLC*

Kenneth Joseph Ronan
kenronan@lavallebrown.com
Lavalle Brown & Ronan, P.A.
750 South Dixie Highway
Boca Raton, Florida 33432
Telephone: (561) 395-0000
Facsimile: (561) 395-9093
*Counsel for Defendants Michael Pocker, Modern Spotlight LLC, and Modern Spotlight Group LLC*

Chad Gottlieb
CGottlieb@DarrowEverett.com
DarrowEverett LLP
101 NE Third Avenue, Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 278-8355
Facsimile: (401) 453-1201
*Counsel for Defendant Ricardo Diaz*

I further certify that, on June 4, 2018, a true and correct copy of the foregoing was also served on the parties listed below, which to the best of my knowledge are unrepresented by counsel, by the method indicated below:

Defendant DCP Marketing, LLC
c/o Mitchell N. Roth (via email)
(counsel for Registered Agent Dustin Pillonato)
mroth@rothjackson.com
Roth Jackson Gibbons Condlin, PLC
8200 Greensboro Drive
Suite 820
McLean, Virginia 22102
Telephone: (703) 485-3535
Facsimile: (703) 485-3523

Defendant Modern Source Media, LLC
c/o Mitchell N. Roth (via email)
(counsel for Registered Agent Dustin Pillonato)
mroth@rothjackson.com
Roth Jackson Gibbons Condlin, PLC
8200 Greensboro Drive
Suite 820
McLean, Virginia 22102
Telephone: (703) 485-3535
Facsimile: (703) 485-3523

CASE NO. 18-61017-CIV-ALTONAGA

Defendant Modern Internet Marketing LLC
c/o Registered Agent Sean Pocker (via U.S. Mail)
2400 SW 19th Ave., Apt. 135
Boynton Beach, FL 33426

Defendant Pointbreak Media, LLC
c/o Gregory M. Garno (via email)
(counsel for Temporary Receiver Jonathan Perlman)
ggarno@gjb-law.com
Genovese Joblove & Battista, P.A.
100 S.E. Second Street, 44th Floor
Miami, Florida 33131
Telephone: (305) 249-2300
Facsimile: (305) 349-2310

Defendant Aaron Michael Jones
(via U.S. mail)
66 Hawking
Irvine, CA 92618

By:  /s/ Michael Bild
        Michael Bild, Esq.

# Exhibit "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

FEDERAL TRADE COMMISSION,

      Plaintiff,

v.

POINTBREAK MEDIA, LLC, *et al.*,

      Defendants.

_____/

## AFFIDAVIT OF IVAN LOPEZ

STATE OF FLORIDA        )
                         ) SS:
COUNTY OF MIAMI-DADE   )

    BEFORE ME, the undersigned authority, duly authorized to administer oaths and take acknowledgments, personally appeared Ivan Lopez ("Affiant"), who states as follows:

1. My name is Ivan Lopez and I am employed by Lightning Legal Couriers, Inc.  I make this affidavit based upon personal knowledge.

2. The Federal Trade Commission retained my company, Lightning Legal Couriers, Inc. to perform service of process on the individual and corporate defendants named in the above styled matter.

3. On May 9, 2018, at approximately 10:00 am, while attempting to serve Defendant Dustin Pillonato at his place of employment, 550 Fairway Drive, Suite 104, Deerfield Beach, FL 33441, I received a phone call from a fellow employee that he had successfully served Defendant Justin Ramsey at Ramsey's home address: 19149 Skyridge Circle in Boca Raton, FL.

4. I was told that Defendant Pillonato and others were also at the Ramsey home at that time

and I immediately drove there.

5.  At approximately 10:30 am, I arrived at the Ramsey home and parked down the block from the property with direct line of sight of the Ramsey property. Two Ranger Rover SUVs, both of which I knew to be registered to Ramsey from prior research of public records, sat on the property.

6.  Shortly after my arrival, I witnessed Pillonato smoking a cigarette at the front of the property. I recognized Mr. Pillonato from a picture the FTC provided me with to aid in the effectuation of service.

7.  I then served him individually and as registered agent for three corporate defendants, with the Injunction and the Sealed Temporary Restraining Order.  Pillonato accepted service after I told him that "I have some more lawsuits for you." I then returned to my vehicle.

8.  Moments later, I saw three men exit the residence and run to the red Range Rover. Defendants Pillonato and Ramsey, along with a third unidentifiable man wearing a hat and sunglasses, ran out of the house to a red Range Rover.

9.  This third man carried on his right shoulder two unzipped laptop computer bags.  A laptop computer was clearly visible inside each open laptop bag.

10.  The third man also carried three Louis Vuitton backpacks on his right forearm.  As he reached the red Range Rover, this third man opened the rear passenger door with his left hand and sat into the back row of the vehicle behind the passenger chair.

11. Pillonato sat in the front passenger seat as Ramsey, who also wore sunglasses and a hat, drove the vehicle off the property like a bat out of hell.

FURTHER AFFIANT SAYETH NOT.

Ivan Lopez

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, personally appeared Ivan Lopez, [ X ] personally known to me or [  ] who has produced _____ as identification and who states that the foregoing is true and correct.

_____

Notary Public, State of Florida

Commission No.:

My Commission Expires:

Notary Public State of Florida
Melanie E Hernandez
My Commission GG 183857
Expires 02/07/2022

# Exhibit "B"

# RJ ROTH JACKSON
ROTH JACKSON GIBBONS CONDLIN, PLC

May 11, 2018

**TRANSMITTED VIA ELECTRONIC MAIL (JPerlman@gjb-law.com)**

Jonathan E. Perlman, Esq.
Genovese Joblove & Battista, P.A.
100 S.E. Second Street, 44th Floor
Miami, Florida 33131

Mitchell N. Roth
**Tysons Corner Office**
**(703) 485-3536 (direct)**
**mroth@rothjackson.com**

Re: Federal Trade Commission v. Pointbreak Media, LLC
Request for Electronic Devices of Messrs. Ramsey and Pillonato

Dear Jonathan:

As you know, I represent Justin Ramsey and Dustin Pillonato in the above-referenced case. This correspondence follows-up on our telephone call from yesterday during which you requested my clients' laptops and cellphones.

Based upon conversations that both I and my co-counsel, Andrew Cove, have had with our clients, we believe that these devices are the personal property of Messrs. Ramsey and Pillonato and do not belong to any of the Receivership Entities as that term is defined in the Sealed Order entered by the Court on May 8, 2018. Therefore, they are outside the scope of the Order. This conclusion is supported by the fact that all of the devices concerned were purchased with the personal funds of Messrs. Ramsey and Pillonato; none of the devices were purchased wholly or partially by a Receivership Entity.

Additionally, at this point in time we have concerns that the devices *may* potentially have incriminating evidence, though our consideration of this issue continues.

Please contact me or Mr. Cove with any questions that you may have. In the meantime, Mr. Cove and I have instructed our clients not to delete, destroy, modify or otherwise alter the devices or any information contained within them.

Very truly yours,

Mitchell N. Roth

cc: Andrew Cove, Esquire

**RICHMOND**
11 South 12th Street, Suite 500, Richmond, VA 23219
P: 804-441-8440  F: 804-441-8438

**TYSONS CORNER**
8200 Greensboro Drive, Suite 820, McLean, VA 22102
P: 703-485-3535  F: 703-485-3525

WWW.ROTHJACKSON.COM

# Exhibit "C"



GENOVESE
JOBLOVE &
BATTISTA
P.A.
ATTORNEYS AT LAW

Gregory M. Garno, Esq.
Telephone: 305.372.2475
E-Mail: ggarno@gjb-law.com

May 18, 2018

*__Via E-Mail__*
*__mroth@rothjackson.com__*

Mitchell N. Roth
Roth Jackson
Tysons Corner
8200 Greensboro Drive, Suite 820
McLean, VA 22102

Re:     **Federal Trade Commission ("FTC") v. Pointbreak Media, LLC**

Dear Mitch:

As you know, we represent Jonathan Perlman, as Receiver, with regard to the above-referenced matter.  This correspondence follows-up our telephone call from Tuesday and our prior request for turn over of the cellphones and laptops of Mr. Ramsey and Mr. Pillonato.  To date, we have received nothing from your clients.

As discussed, we have a good-faith belief that these devices contain information and records relating to the corporate defendants under the Receiver's control.  As such, we would like to image these devices and preserve that information as required by the order appointing the Receiver.  We would request those devices to be delivered by no later than Monday morning.

In addition, we asked your clients to provide us with the identity and contact information for the third party seen with your clients leaving Mr. Ramsey's home after he was served with the FTC's Complaint.  According to an eyewitness, your clients and this unidentified person left Mr. Ramsey's home in a hurry carrying multiple bags some of which contained laptops.  Again, we believe these bags may contain property or information which should be turned over to the Receiver and demand for its turn over is hereby made.  We would request this turn over by no later than Monday morning.

In addition, we found certain desktop computers and cellphones belonging to your clients at the business premises.  We again ask that your clients provide us with the passwords and/or access codes by Monday morning.

May 18, 2018
Page 2

       Please give me a call with any questions or comments.

                    Sincerely,

                    Gregory M. Garno

cc:    Receiver

# Exhibit "D"

| | |
|---|---|
| **From:** | Garno, Greg |
| **To:** | Bild, Michael; Bado, JP |
| **Subject:** | FW: FTC v. Pointbreak Media, LLC et. al. |
| **Date:** | Wednesday, May 23, 2018 1:16:19 PM |
| **Attachments:** | image001.png |

**From:** Mitchell Roth [mailto:MRoth@rothjackson.com]
**Sent:** Wednesday, May 23, 2018 1:15 PM
**To:** Garno, Greg
**Cc:** Perlman, Jonathan; Andrew Cove; frank@frankrubino.com
**Subject:** RE: FTC v. Pointbreak Media, LLC et. al.

Greg,

The FTC's civil complaint alleges serious federal crimes.  Any answers, information and/or documentation provided by Mr. Ramsey or Mr. Pillonato may tend to incriminate them.  I have added their criminal attorney, Frank Rubino, to this email chain.

Mitchell N. Roth | Member | Roth Jackson | (703) 485-3536 (direct) | mroth@rothjackson.com
8200 Greensboro Drive | Suite 820 | McLean, Virginia 22102 | (703) 485-3535 (main) | (703) 485-3525 (fax)

**From:** Garno, Greg [mailto:GGarno@gjb-law.com]
**Sent:** Tuesday, May 22, 2018 9:35 AM
**To:** Mitchell Roth
**Cc:** Perlman, Jonathan; Andrew Cove
**Subject:** RE: FTC v. Pointbreak Media, LLC et. al.

Mitch,

        What is the basis for your clients' assertion of their Fifth Amendment rights?  The Receiver has asked for certain information which does not seem to implicate any concerns regarding self incrimination.  For example, consistent with the TRO, we have asked for certain passwords your clients used to secure company computers and cell phones.  In addition, the identity and contact information of the man seen with your clients on the day the action was served does not seem to implicate self incriminating concerns.  Please let me so we can assess whether we will need to seek court intervention.  Thanks.

**From:** Mitchell Roth [mailto:MRoth@rothjackson.com]
**Sent:** Monday, May 21, 2018 10:55 PM
**To:** Garno, Greg
**Cc:** Perlman, Jonathan; Andrew Cove
**Subject:** FTC v. Pointbreak Media, LLC et. al.

Greg,

I am in receipt of your correspondence dated May 18, 2018 in which you requested certain information pertaining to Mr. Perlman's role as receiver in the referenced lawsuit.  Specifically, you requested the following:  i) Cellphones and laptops of Messrs. Ramsey  and Pillonato; ii) the identity and contact information of an individual who allegedly departed Mr. Ramsey's residence after Mr. Ramsey was served with the FTC's complaint; iii) the contents of bags that this individual allegedly had in his possession; and iv) the passwords and/or access codes of desktop computers and cellphones located at the business premises.

As I previously communicated to you, I am advised that the devices about which you inquired were purchased with the personal funds of Messrs. Ramsey and Pillonato and are not the property of the Receivership Entities.  Regardless, Messrs. Ramsey and Pillonato assert their Fifth Amendment rights and decline to provide the information that you requested.

Please contact me with any questions that you may have.

Mitchell N. Roth | Member | (703) 485-3536 (direct) | mroth@rothjackson.com
8200 Greensboro Drive | Suite 820 | McLean, Virginia 22102 | (703) 485-3535 (main) | (703) 485-3525 (fax)


ROTH JACKSON
ROTH JACKSON GIBBONS CONDLIN, PLC

NOTICE: Information contained in this transmission to the named addressee is proprietary information and is subject to attorney-client privilege
and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the
sender and destroy the information transmitted without making any copy or distribution thereof.