UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61017-CIV-ALTONAGA/Seltzer

**FEDERAL TRADE COMMISSION**,

    Plaintiff,

v.

**POINTBREAK MEDIA, LLC**, *et al.*,

    Defendants.

_____/

### STIPULATED ORDER OF PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO RELIEF DEFENDANT JENNEFER RAMSEY

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed its First Amended Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Relief Defendant Jennefer Ramsey stipulate to entry of this Stipulated Order of Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

### FINDINGS

    A.    This Court has jurisdiction over this matter.

    B.    The First Amended Complaint charges that the Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the marketing and sale of Google "claiming and verification" and search engine optimization services.

C. The First Amended Complaint also charges that Relief Defendant Jennefer Ramsey has received assets from the Defendants, that she has no legitimate claim to those assets, that such assets are subject to a constructive trust, and that she will be unjustly enriched if she is not required to disgorge the assets or the value thereof.

D. Relief Defendant Jennefer Ramsey neither admits nor denies any of the allegations in the First Amended Complaint, except as specifically stated in this Order. Only for purposes of this action, Relief Defendant Jennefer Ramsey admits the facts necessary to establish jurisdiction.

E. Relief Defendant Jennefer Ramsey waives any claim that she may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear her own costs and attorney fees.

F. Relief Defendant Jennefer Ramsey and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For purposes of this Order, the following definitions apply:

A. "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

B. "**Individual Defendants**" means Dustin Pillonato; Justin Ramsey; Aaron Michael Jones, a/k/a Michael Aaron Jones and Mike Jones; Ricardo Diaz; Michael Pocker; Steffan Molina; Vincent Yates; and Daniel Carver, individually, collectively, or in any combination.

C. "**Corporate Defendants**" means Pointbreak Media, LLC, also d/b/a Point Break Media, Point Break Solutions, and Kivanni Marketing; DCP Marketing, LLC, also d/b/a Point Break; Modern Spotlight LLC; Modern Spotlight Group LLC, also d/b/a/ Modern Spotlight;

Modern Internet Marketing LLC; Modern Source Media, LLC, also d/b/a Modern Source; Perfect Image Online LLC; Allstar Data, LLC; National Business Listings, LLC; and Pinnacle Presence LLC; and their successors and assigns, individually, collectively, or in any combination.

    D.    "**Settling Defendant**" means Relief Defendant Jennefer Ramsey.

    E.    **"Receiver"** means Jonathan E. Perlman, Esq., whom the Court appointed as Receiver in Section XI of the Preliminary Injunction as to Defendants Dustin Pillonato; Justin Ramsey; Aaron Michael Jones; Michael Pocker; Pointbreak Media, LLC; DCP Marketing, LLC; Modern Spotlight LLC; Modern Spotlight Group LLC; Modern Internet Marketing LLC; and Modern Source Media, LLC (ECF No. 64); in Section XI of the Preliminary Injunction as to Defendants Steffan Molina and Perfect Image Online LLC (ECF No. 58); and in Section XI of the Preliminary Injunction as to Defendants Allstar Data, LLC; National Business Listings, LLC; Pinnacle Presence LLC; Vincent Yates; and Daniel Carver (ECF No. 169).

## ORDER

### I.    MONETARY JUDGMENT

**IT IS ORDERED** that:

    A.    Judgment in the amount of fifty-two thousand, three hundred and twenty-one Dollars ($52,321.00) is entered in favor of the Commission against Settling Defendant as equitable monetary relief.

    B.    Within fifteen (15) days of receiving notice of this Order, Sammons Retirement Solutions Incorporated, its parent corporation, subsidiaries, principals, and agents must transfer to the Receiver by electronic fund transfer or certified bank or cashier's check, in accordance with instructions to be provided by a representative of the Receiver, fifty-two

thousand, three hundred and twenty-one Dollars ($52,321.00) from Account No. XXXXXX0213, held in the name of, or for the benefit, of Jennefer Ramsey.

## II. ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.     Settling Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.     Settling Defendant expressly waives her right, to the fullest extent permitted by applicable law, to assert any applicable exemption from judgment or collection for Account No. XXXXXX0213, held in the name of, or for the benefit, of Jennefer Ramsey at Sammons Retirement Solutions Incorporated.

C.     Settling Defendant shall take all steps necessary to assist Sammons Retirement Solutions Incorporated in the transfer set forth in Subsection I.B above.

D.     The facts alleged in the First Amended Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

E.     The facts alleged in the First Amended Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

F.     Settling Defendant acknowledges that her Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Settling

Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

G.   All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the First Amended Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Settling Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## III.   LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze against the assets of Settling Defendant pursuant to the August 31, 2018 Stipulated Preliminary Injunction [ECF No. 170] is modified to permit the transfer identified in the Monetary Judgment Section.  Upon completion of that payment, the asset freeze is dissolved as to Settling Defendant only.

## IV.   COOPERATION

**IT IS FURTHER ORDERED** that Settling Defendant must fully cooperate with representatives of the Commission and the Receiver in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the First Amended Complaint in this matter.  Settling Defendant must provide truthful and complete information,

evidence, and testimony.  Settling Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative or Receiver representative may reasonably request upon 14 days written notice, or other reasonable notice, at such places and times as a Commission representative or Receiver representative may designate, without the service of a subpoena.  This section does not abrogate Settling Defendant's right to assert any applicable legal privilege.  Notwithstanding the provisions of Local Rule 26.1(i), the Commission is not required to provide notice to Settling Defendant of, or make available for inspection by Settling Defendant, any objections, documents, electronically stored information, or things received in response to a subpoena.

## V.     ORDER ACKNOWLEDGMENT

**IT IS FURTHER ORDERED** that Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

## VI.     REPORTING REQUIREMENTS

**IT IS FURTHER ORDERED** that Settling Defendant make timely submissions to the Commission:

    A.     Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Settling Defendant within 14 days of its filing.

    B.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct. Executed on: \_\_\_\_\_" and supplying the date, signatory's full name, title (if applicable), and signature.

C.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Jennefer Ramsey, X180031.

## VII.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**DONE AND ORDERED** in Miami, Florida, this \_\_\_\_ day of _____, 20\_\_\_\_.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

SO STIPULATED AND AGREED:

FOR PLAINTIFF FEDERAL TRADE COMMISSION:

_____
Evan M. Mendelson, Special Bar No. A5502430
Christopher J. Erickson, Special Bar No. A5502434
Brian M. Welke, Special Bar No. A5502432
Federal Trade Commission
600 Pennsylvania Ave. NW
Mailstop CC-9528
Washington, DC 20580
(202) 326-3320; emendelson@ftc.gov
(202) 326-3671; cerickson@ftc.gov
(202) 326-2897; bwelke@ftc.gov
Fax: (202) 326-3197


RELIEF DEFENDANT JENNEFER RAMSEY:

_____
Jennefer Ramsey
*Individually*


FOR RELIEF DEFENDANT JENNEFER RAMSEY:

_____
ANDREW N. COVE, ESQUIRE
Florida Bar No.:    0562122
anc@covelaw.com
MITCHELL N. ROTH, ESQUIRE
Virginia Bar No.:    35863
mroth@rothjackson.com